Matter of Delitta (2021 NY Slip Op 03177)





Matter of Delitta


2021 NY Slip Op 03177


Decided on May 19, 2021


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2020-08368

[*1]In the Matter of Laurieanne Delitta, an attorney and counselor-at-law, respondent. (Attorney Registration No. 4004792)



APPLICATION pursuant to 22 NYCRR 1240.10 by Laurieanne Delitta, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 12, 2001, to resign as an attorney and counselor-at-law.



Gary L. Casella, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Laurieanne Delitta, Armonk, NY, respondent pro se.



PER CURIAM


OPINION & ORDER
.The respondent, Laurieanne Delitta, has submitted an affidavit sworn to on November 2, 2020, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in her affidavit that she is currently the subject of five complaints of professional misconduct against her that are under investigation by the Grievance Committee for the Ninth Judicial District, and that the complaints allege that she misappropriated funds entrusted to her as fiduciary, incident to her practice of law, and engaged in fraud, deceit, and misrepresentation. The respondent avers that she cannot successfully defend herself against the allegations of her professional misconduct described above.
The respondent also avers that her resignation is freely and voluntarily tendered, that she is not being subjected to coercion or duress by anyone, and that she is fully aware of the implications of submitting her resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that she make monetary restitution to Ira T. Cohen in the amount of $500,812.60; Joseph Vallarelli in the amount of $230,822.02; the Estate of Wundeler in the amount of $600,000; and Roberta Stein-Ham in the amount of $130,000, and that she reimburse the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any sum that the Lawyers' Fund awards Ira T. Cohen, Joseph Vallarelli, the Estate of Wundeler, and Roberta Stein-Ham, or to any other individuals who filed or may file claims against her. She further acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund, and she consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting her resignation, she will not undertake to represent any new clients or accept any retainers [*2]for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS, and AUSTIN, JJ., concur.
ORDERED that the application of the respondent, Laurieanne Delitta, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Laurieanne Delitta, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Laurieanne Delitta, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Laurieanne Delitta, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Laurieanne Delitta, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to Ira T. Cohen, Joseph Vallarelli, the Estate of Wundeler, or Roberta Stein-Ham; and it is further,
ORDERED that in the event that no award has been made by the Lawyers' Fund for Client Protection of the State of New York to Ira T. Cohen, Joseph Vallarelli, the Estate of Wundeler, or Roberta Stein-Ham, the respondent, Laurieanne Delitta, shall make monetary restitution to Ira T. Cohen in the amount of $500,812.60; Joseph Vallarelli in the amount of $230,822.02; the Estate of Wundeler in the amount of $600,000; and Roberta Stein-Ham in the amount of $130,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that a partial award has been made by the Lawyers' Fund for Client Protection of the State of New York to Ira T. Cohen, Joseph Vallarelli, the Estate of Wundeler, or Roberta Stein-Ham, the respondent, Laurieanne Delitta, shall make partial monetary restitution to Ira T. Cohen, Joseph Vallarelli, the Estate of Wundeler, or Roberta Stein-Ham to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York, or by the Lawyers' Fund for Client Protection of the State of New York when it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Laurieanne Delitta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court